UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA

RECEIVED
2006 SEP 14  P 1: 22

DAWN SAUCIDA and JOHNNY
SAUCIDA, individually and on behalf
of all similarly situated individuals,

Plaintiffs

v.         Civil Action No.: 1:05cv00669-KD-M
           (In the Southern
           District of Alabama)

SWAFFORD & HAYS SETTLEMENT
SERVICES, INC.,

Defendant.

DAWN SAUCIDA and JOHNNY
SAUCIDA, individually and on behalf
of all similarly situated individuals,

Movants

v.         Misc. Action No.: 2:06mc3336-A

TICOR TITLE INSURANCE
COMPANY OF FLORIDA.

Respondent.

## MOTION TO COMPEL COMPLIANCE WITH SUBPOENA

Movants, Dawn Saucida and Johnny Saucida, "Movants", by and through their undersigned counsel, respectfully move the Court for entry of an order compelling Ticor Title Insurance Company of Florida

("Respondent") to produce documents in compliance with a subpoena *duces tecum* served upon it.

On August 4, 2006, Movants served a subpoena duces tecum (a copy of which is attached hereto as Exhibit "A"), upon Respondent. Proof of service by certified mail is provided herewith as Exhibit "B". The subpoena called for the production of a list of all of all policy holders who received title insurance in connection with real estate loans wherein Swafford was the agent for the period of time from November 17, 2004 to August 2, 2006; a list of all contracts, agreements, memoranda or understanding or other documents memorializing or describing any agreement between Respondent and Swafford in place between November 17, 2004 to August 2, 2006; for the states in which respondent issued title insurance policies with Swafford as agent, all documents which reflect the rates charged for such policies from November 17, 2004 to August 2, 2006; any and all documents reflecting or relating to audits performed by Respondent or on Respondent's behalf regarding Swafford for the period of time from November 17, 2004 to August 2, 2006; and any and all correspondence and other records of communication, including e-mails and other communication records stored electronically, between Respondent and Swafford for the period of time from November 17, 2004 to August 2, 2006. The subpoena called for

production of these documents on August 18, 2006.

Despite the passage of more than four weeks since the date specified for production of the documents, Respondent has failed to comply with the subpoena. Respondent has not produced any documents.

Respondent has, without adequate excuse, failed to obey the subpoena served upon it, and is therefore, in contempt of court in accordance with Fed.R.Civ.P. 45(e). Accordingly, the instant motion should be granted and Respondent should be directed to comply with the subpoena and produce responsive documents.

Respectfully submitted this the 13th day of September, 2006

_____
Earl P. Underwood, Jr.
Law Offices of Earl P. Underwood, Jr.
Post Office Box 969
21 South Section Street
Fairhope, AL 36533-0969
251-990-5558
251-990-0626 (fax)
epunderwood@alalaw.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy hereof has been personally hand-delivered or mailed, properly addressed, first class postage prepaid, to counsel of all parties or parties pro se to the addresses shown below, on this the 13th day of September, 2006.

Ticor Title Insurance Company of Florida
c/o The Corporation Company
2000 Interstate Parkway Ste. 204
Montgomery, AL 36109

Patricia Clotfelter
Baker, Donelson, Bearman, Caldwell & Berkowitz
1600 SouthTrust Tower
420 20th Street North
Birmingham, Alabama 35203
pclotfelter@bakerdonelson.com

George R. Irvine, III
Stone, Grenade & Crosby, P.C.
7133 Stone Dr.
Daphne AL 36526
gri@sgclaw.com

Kenneth J. Riemer
166 Government Street, Suite 100
Mobile, AL 36602
kriemer@bntech.net

John N Leach, Jr.
Helmsing, Leach, Herlong
PO Box 2767
Mobile AL 36652
jnl@helmsinglaw.com

Earl P. Underwood, Jr.

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

DAWN SAUCIDA and JOHNNY SAUCIDA, individually and on behalf of all similarly situated individuals, )
)Pending in the U.S. District Court
)for the Southern District of Alabama
)
Plaintiffs, )
)
) CASE NO.: 1:05cv00669-KD-M
v. )
)
SWAFFORD & HAYS SETTLEMENT SERVICES, INC., )
)
)
Defendant. )

**SUBPOENA FOR THE PRODUCTION OF EVIDENCE FROM NON-PARTY**

TO: *Custodian of Records*
*Ticor Title Insurance Company of Florida*
*c/o The Corporation Company*
*2000 Interstate Parkway Ste. 204*
*Montgomery, AL 36109*

Pursuant to FRCP Rules 30 and 45, you are hereby required to produce and permit inspection and copying of the following documents or objects at the UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF ALABAMA, U.S. Courthouse, One Church Street, Montgomery, AL 36104 or in the alternative mail a copy to the LAW OFFICES OF EARL P. UNDERWOOD, JR., P.O. Box 969, Fairhope AL 36533 subject to the following:

**YOU ARE COMMANDED to produce the documents listed in the attached Exhibit A.**

(c) *Protection of Persons Subject to Subpoenas*
  (1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
  (2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
      (B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days

after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

    (i) fails to allow reasonable time for compliance;
    (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
    (iii) requires disclosure of privileged or other protected matter and not exception or waiver applies, or
    (iv) subjects a person to undue burden.

(B) If a subpoena
    (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
    (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
    (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) Duties in Responding to Subpoena.
    (1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
    (2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(e) Contempt.
Failure by any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a non-party to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

---

**QUESTIONS RELATIVE TO THIS SUBPOENA MAY BE ADDRESSED TO**

Law Offices of Earl P. Underwood, Jr.
Post Office Box 969
Fairhope AL 36533-0969
(251) 990-5558

Respectfully Submitted,

Dated: August 2, 2006

_____
Earl P. Underwood, Jr. (UNDEE6591)
Attorney for Plaintiffs
21 South Section Street
Fairhope AL 36533
(251) 990-5558
epunderwood@alalaw.com

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Subpoena has been personally hand-delivered or mailed, properly addressed, first class postage prepaid, to counsel of all parties or parties pro se to the addresses shown below, on this the 2nd day of August, 2006.

Patricia Clotfelter
Baker, Donelson, Bearman, Caldwell & Berkowitz
1600 SouthTrust Tower
420 20th Street North
Birmingham, Alabama 35203
205-328-0480
pclotfelter@bakerdonelson.com
ehenderwon@bakerdonelson.com

George R. Irvine, III
Stone, Grenade & Crosby, P.C.
7133 Stone Dr.
Daphne AL 36526
334-626-6696
gri@sgclaw.com

Kenneth J. Riemer
166 Government Street, Suite 100
Mobile, AL 36602
251-432-9212
kriemer@bntech.net

John N. Leach, Jr.
Helmsing, Leach, Herlong
PO Box 2767
Mobile, AL 36652
251-432-5521
jnl@helmsinglaw.com

_____
Earl P. Underwood Jr.

# EXHIBIT A

1. For the period of time November 17, 2004 to August 2, 2006 all documents that would indicate the names of a list of all policyholders who received title insurance policy in connection with real estate transaction wherein the defendant was the agent.

2. List all contracts, agreements, memoranda of understanding or other documents which memorialize or describe any agreement between you and the defendant in place during the period of time from November 17, 2004 to August 2, 2006.

3. For the states in which you issued title insurance policies with defendant as your agent, all documents which reflect the rates you charged for such policies for the period of time from November 17, 2004 to August 2, 2006.

4. Any and all documents reflecting or relating to audits performed by you or on your behalf regarding defendant for the period of time from November 17, 2004 to August 2, 2006.

5. Any and all correspondence and other records of communication, including e-mails and other communication records stored electronically, between you and defendant for the period of time from November 17, 2004 to August 2, 2006.

# EXHIBIT B

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

   Custodian of Records
   Ticor Title Insurance Company of Florida
   c/o The Corporation Company
   2000 Interstate Park Dr Ste 204
   Montgomery AL 36109-5420

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
   X [signature] ☐ Agent ☐ Addressee

B. Received by (Printed Name): S. Slasser
C. Date of Delivery: 08-09

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
   ☒ Certified Mail    ☐ Express Mail
   ☐ Registered        ☒ Return Receipt for Merchandise
   ☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)  ☐ Yes

2. Article Number (Transfer from service label): 7005 1160 0004 3936 0401

PS Form 3811, February 2004   Domestic Return Receipt   102595-02-M-